## HO NGEN JUNG v. UNITED STATES.

(District Court, W. D. Texas, El Paso D. April 30, 1907.)

No. 109.

ALIENS—CHINESE—EXCLUSION—NATIVITY—EVIDENCE.

In a proceeding for deportation of a Chinese person, evidence *held* insufficient to establish that such person was born in the United States.

[Ed. Note.—Citizenship of Chinese, see note to Lee Fook Sing v. United States, 1 C. C. A. 212; Lee Sing Far v. United States, 35 C. C. A. 332.]

Appeal from an Order of Deportation Entered by the Commissioner.

William H. Burges and Volney M. Brown, for appellant.

S. Engelking, Asst. U. S. Atty.

MAXEY, District Judge. The appellant, Ho Ngen Jung, a Chinese person, was arrested and brought before the commissioner for being unlawfully in the United States. He resisted deportation on the ground that he was born in the United States, and hence was a citizen and entitled to remain. The question of fact was decided by the commissioner against him, and an order of deportation followed. From the order thus made this appeal was taken.

By section 3 of the act of May 5, 1892, it is provided:

"That any Chinese person or person of Chinese descent, arrested under the provisions of this act or the acts hereby extended, shall be adjudged to be unlawfully within the United States unless such person shall establish by affirmative proof, to the satisfaction of such justice, judge or commissioner, his lawful right to remain in the United States." Act May 5, 1892, 27 Stat. 25, c. 60 [U. S. Comp. St. 1901, p. 1320].

To establish his claim of citizenship the appellant offered himself as a witness, and introduced in evidence the depositions of Gong Shee and Li Gow. Both Gong Shee and Li Gow reside in San Francisco, and both testify that appellant was born in San Francisco, and that Gong Shee is his mother. It appears, however, from the record that prior to the taking of the depositions in the present case Gong Shee, who is the surviving wife of Hoo Hoong, deceased, was examined by government officials at San Francisco and then testified that the appellant was her adopted son, and that she did not know where he was born; that he was the son of Ho Ming Jai, who died in China. She gave as a reason for his adoption that she had no male child of her own. In explanation of her inconsistent testimony, she stated that the officers threatened to arrest her unless she testified adversely to the appellant. The charge of threats, or coercion, or undue influence, is absolutely denied by McClymont, who was present as interpreter at the time she made the statements, and there is nothing in the record to impeach the veracity of McClymont, or to discredit his testimony. Moreover, the daughter of Gong Shee, Ho Quan Oy, whose depositions were taken by the government, testified using her own language, as follows: "Ho Ngen Jung is my kind of foster brother or adopted brother, not a born brother; neither from the same mother nor the same father. He is my uncle's son." In answer to the question, "Do you know where he was born?" she replied, "I do not know. I have never seen appellant, but only his photograph. I do not know where he was born." A slight effort was made by the appellant to discredit the testimony of Ho Quan Oy. But the attempt was fruitless, and the court is impressed with the belief that she spoke truthfully touching the matters about which she testified. Comparing the testimony of the appellant with that of Gong Shee, the alleged mother, there appears an apparent inconsistency not readily understood. The former stated that he had written to his mother but once after the San Francisco fire, but that prior to the fire he wrote to her frequently from El Paso. Gong Shee, on the other hand, testified that she had never received a letter from the son. It is true that letters occasionally fail to reach their destination, but it is scarcely probable that such failures would be of frequent occurrence. Li Gow, the remaining witness for the appellant, testified that he is appellant's godfather; that appellant was born in San Francisco, and that he first knew him about one week after his birth; that appellant is the son of Gong Shee and the brother of Ho Quan Oy. The witness, according to his own statement, has been in the United States 33 years, and has acquired no knowledge of the English language. He now resides in the same house, although not in the same room, with Gong Shee, and has been an intimate friend of the family for many years.

While in cases of this kind, where the right to remain in the United States is based upon the claim of citizenship, it is not indispensable to make the necessary proof by white persons, still, if the testimony of Chinese persons be relied upon, it should be of such character as to satisfy the judicial mind of its truth. The testimony in the present case failed to satisfy the commissioner that the appellant was born in

the United States, and after a careful examination of the record the court is unable to say that the ruling of the commissioner was erroneous.

The order of deportation is therefore affirmed.